**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

```
_____
J. W. R., PPA              :
CYNTHIA RAMATOWSKI,        :   CIVIL ACTION NO.
CYNTHIA RAMATOWSKI and     :   302CV01720 WWE
JOHN J. RAMATOWSKI         :
                           :
         Plaintiffs        :
                           :
VS.                        :
                           :
PHARMACIA CORPORATION,     :
PHARMACIA & UPJOHN COMPANY and :
THE UPJOHN COMPANY         :
                           :   MARCH 23, 2004
         Defendants        :
_____:
```

### DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

COME NOW defendants, Pharmacia Corporation, The Upjohn Company and Pharmacia & Upjohn, Inc. ("Pharmacia"), and for their answer to plaintiffs' Third Amended Complaint, dated October 1, 2003, state as follows:

**COUNT ONE**

1.  Pharmacia is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of Count One and therefore denies the same.

2. Pharmacia admits the allegations contained in paragraph 2 of Count One.

3. Pharmacia denies the allegations of paragraph 3 of Count One.

4. Pharmacia admits that Pharmacia & Upjohn Company and The Upjohn Company have conducted business in Connecticut. Pharmacia denies all remaining allegations contained in paragraph 4 of Count One.

5. Pharmacia admits that Pharmacia & Upjohn Company and The Upjohn Company manufactured, labeled, packaged, distributed, marketed and sold Cortef® Oral Suspension. Pharmacia denies all remaining allegations contained in paragraph 5 of Count One and further states that Pharmacia Corporation is not a proper defendant in this case.

6. Pharmacia admits that Cortef® Oral Suspension contained hydrocortisone cypionate and that Cortef® Oral Suspension was available for use only by the prescription

of a licensed physician. Pharmacia denies all remaining allegations contained in paragraph 6 of Count One.

7. Pharmacia lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Count One and therefore denies the same.

8. Pharmacia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Count One and therefore denies the same.

9. Pharmacia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Count One and therefore denies the same.

10. Pharmacia is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Count One and therefore denies the same.

11. Pharmacia is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Count One and therefore denies the same.

12. Pharmacia admits that in November, 1999, Pharmacia & Upjohn Company noted that several spontaneous reports of lack of effect and/or resuspendability had been received with the new formulation of Cortef® Oral Suspension. Pharmacia denies the remaining allegations in paragraph 12 of Count One.

13. Pharmacia admits that Pharmacia and Upjohn Company sent a "Dear Doctor" letter, signed by Dr. Rodney Carlson, to physicians in March 2000, and further states that such document speaks for itself. Pharmacia denies all remaining allegations contained in paragraph 13 of Count One.

14. Pharmacia admits that on or about July 18, 2000, Pharmacia & Upjohn Company recalled certain lots of Cortef® Oral Suspension because it had determined that the then

4

current formulation of the product may not provide adequate control for the treatment of congenital adrenal hyperplasia. Pharmacia denies all remaining allegations in paragraph 14 of Count One.

15.  Pharmacia denies all allegations contained in paragraph 15 of Count One.

16.  Pharmacia admits that, at various times, Pharmacia & Upjohn Company and The Upjohn Company received several spontaneous reports of lack of efficacy regarding Cortef® Oral Suspension. Pharmacia denies all remaining allegations contained in paragraph 16 of Count One.

17.  Pharmacia states that the prescribing information and package inserts for Cortef® Oral Suspension speak for themselves. Pharmacia denies all remaining allegations contained in paragraph 17 of Count One.

18.  Pharmacia denies each and every allegation contained in paragraph 18 of Count One, including its subparts (a.) through (j.).

19. Pharmacia denies all allegations contained in paragraph 19 of Count One, including subparts (a.) through (d.).

20. Pharmacia denies the allegations contained in the first sentence of paragraph 20 of Count One. Pharmacia is without knowledge or information sufficient to form a belief as to the truth of the second sentence in paragraph 20 of Count One and therefore denies the same.

21. Pharmacia denies all allegations contained in paragraph 21 of Count One.

22. Pharmacia denies all allegations contained in paragraph 22 of Count One.

**COUNT TWO**

1-22. Pharmacia incorporates its responses to Paragraphs 1-22 of Count One as though fully set forth herein.

23. Pharmacia denies the allegations contained in Paragraph 23 of Count Two.

### GENERAL DENIAL

Pharmacia specifically denies each and every allegation in plaintiffs' Complaint not specifically admitted herein.

### PREAMBLE TO AFFIRMATIVE DEFENSES

Pharmacia reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent such defenses are supported by information developed through discovery or by evidence at trial.  By setting forth these defenses, Pharmacia does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to plaintiffs.

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

If Plaintiffs sustained injuries as alleged, those injuries were not due to or caused by the fault, lack of

care, negligence, strict liability, or any other breach of duty on the part of Pharmacia.

### Third Affirmative Defense

If Plaintiffs sustained injuries as alleged, those injuries were the result of intervening and/or superseding causes, and not as a result of Pharmacia's acts or omissions.

### Fourth Affirmative Defense

Cortef® Oral Suspension was approved as a prescription medical product by the United States Food and Drug Administration and was tested, manufactured and labeled in accordance with FDA standards, pursuant to 21 U.S.C. § 301 *et seq.* Consequently, Plaintiffs' claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution.

### Fifth Affirmative Defense

Pharmacia has complied with the applicable federal statutes and regulations and is therefore not liable for punitive damages.

### Sixth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by estoppel, laches, and/or other equitable doctrines.

### Seventh Affirmative Defense

Plaintiffs' claims are barred by virtue of the intervention of a learned intermediary or intermediaries to whom Pharmacia discharged its duty to warn.

### Eighth Affirmative Defense

If Plaintiffs sustained injuries as alleged, those injuries were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Pharmacia was not responsible and with whom Pharmacia had no legal connection.

### Ninth Affirmative Defense

If Plaintiffs sustained injuries as alleged, the injuries resulted from the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses of J. R.

### Tenth Affirmative Defense

Plaintiffs' recovery, if any, is barred entirely, or should be reduced by the comparative negligence, fault, responsibility or causation attributable to Plaintiffs.

### Eleventh Affirmative Defense

Cortef® Oral Suspension was a prescription medical product that was neither defective nor unreasonably dangerous. Cortef® Oral Suspension was at all times material to Plaintiffs' Complaint reasonably safe and reasonably fit for its intended use, and the warnings and instructions accompanying Cortef® Oral Suspension at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate.

### Twelfth Affirmative Defense

Plaintiffs cannot recover under their Complaint because Cortef® Oral Suspension was manufactured in accordance with the state of the art at the time it was manufactured.

**Thirteenth Affirmative Defense**

Cortef® Oral Suspension was neither defective nor unreasonably dangerous because it was a product which falls within the "comment k exception" to strict tort liability defined in Section 402A of the Restatement (Second) of Torts.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are barred under Sec 6 *et seq* of the Restatement (Third) of Torts: Products Liability.

**Fifteenth Affirmative Defense**

Plaintiffs' claims are barred by the applicable statutes of limitations.

**Sixteenth Affirmative Defense**

Plaintiffs' alleged injures and/or damages were not proximately caused by any act or omission of Pharmacia.

**Seventeenth Affirmative Defense**

Plaintiffs' alleged injuries and/or damages, if any, were not the result of any act or omission on the part of Pharmacia but exist by reason of operation of nature or

11

idiosyncratic reaction, over which Pharmacia had and has no control and for which Pharmacia is not responsible.

### Eighteenth Affirmative Defense

The product which is the subject of this lawsuit was put to abnormal and/or unintended use.

### Nineteenth Affirmative Defense

Plaintiffs' alleged injuries and/or damages, if any, were not caused by any failure to warn on the part of Pharmacia.

### Twentieth Affirmative Defense

The product at issue in this case may have been altered, modified or otherwise rendered to a form not substantially similar to its form when it left the custody or control of the manufacturer, by others over whom Pharmacia had no control and whose conduct Pharmacia had no reason to anticipate.

### Twenty-First Affirmative Defense

Based on the state of scientific, medical, and technological knowledge available at the time the product

12

which is the subject of this lawsuit was distributed, it was reasonably safe for its normal and foreseeable use at all relevant times.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the manufacturer complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

### Twenty-Third Affirmative Defense

Based upon the state of scientific skill and knowledge at the time the product that is the subject of this lawsuit was distributed by the manufacturer, the product was reasonably safe and the benefits of the product exceeded any risk associated with it.

### Twenty-Fourth Affirmative Defense

Should Pharmacia be held liable to plaintiffs, which liability is specifically denied, Pharmacia would be entitled to a set off for all sums of money received or

available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' failure to mitigate damages.

### Twenty-Sixth Affirmative Defense

Pharmacia intends to rely upon, reserves its right to assert, and hereby pleads such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than Connecticut or a foreign country.

### Twenty-Seventh Affirmative Defense

Plaintiffs' Complaint fails to state facts sufficient to entitle Plaintiffs to an award of punitive damages against Pharmacia.

### Twenty-Eighth Affirmative Defense

The imposition of punitive damages in this case would violate the due process and equal protection clauses of the

Fifth and Fourteenth Amendments of the United States Constitution as well as the applicable provisions of the Connecticut Constitution.

### Twenty-Ninth Affirmative Defense

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of punishment and deterrence; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including, without limitation, the residence, wealth, and corporate status of Pharmacia; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague

and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; and/or (6) is not subject to trial court and de novo appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Pharmacia's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the Connecticut Constitution.

### Thirtieth Affirmative Defense

Plaintiffs' claims for punitive damages cannot be sustained because the standards for determining liability for and the amount of punitive damages failed to give Pharmacia prior notice of the conduct for which punitive damages may be imposed as well as the severity of the penalty that may be imposed, and are void for vagueness in

violation of Pharmacia's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the Connecticut Constitution.

### Thirty-First Affirmative Defense

Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Pharmacia's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the Connecticut Constitution.

### Thirty-Second Affirmative Defense

Pharmacia reserves the right to amend this Answer and to add affirmative defenses after it has had an opportunity to discover all facts relevant to this action.

WHEREFORE, Pharmacia requests that this Court enter judgment in favor of Pharmacia and against the Plaintiffs,

dismissing Plaintiffs' claims with prejudice and further awarding Pharmacia its costs and such other and further relief to which Pharmacia may be entitled.

**<u>DEMAND FOR JURY TRIAL</u>**

Pharmacia hereby requests a trial by jury as to all issues triable.

```
                              THE DEFENDANTS,
                              PHARMACIA CORPORATION,
                              PHARMACIA & UPJOHN COMPANY,
                              THE UPJOHN COMPANY


                              By_____
                                Timothy W. Donahue
                                DELANEY, ZEMETIS, DONAHUE,
                                DURHAM & NOONAN, P.C.
                                111 South Main Street
                                Wallingford, CT 06492
                                203-269-1441
                                Federal Bar No. CT04339
```

**C E R T I F I C A T I O N**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on this 23rd day of March, 2004, to:

Margaret Doherty, Esq.
Tinley, Nastri, Renehan & Dost, LLP
60 North Main Street, Second Floor
Waterbury, CT 06702

Andrew See, Esq.
Shook, Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105-2118

William H. Pickett, Esq.
600 Griffith Building
405 East Thirteenth Street
Kansas City, Missouri 64106

Stephen E. Scheve, Esq.
Shook, Hardy & Bacon, LLP
JP Morgan/Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002

_____
Timothy W. Donahue